UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAR JO MONN WILLIAMS,<br>　　　　　Plaintiff,<br>　　v.<br>CDCR, et al.,<br>　　　　　Defendant. | Case No. 19-00963 EJD (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against a dentist in the B-yard at Salinas Valley State Prison ("SVSP"), where he is currently incarcerated. Plaintiff has filed a motion for leave to proceed in forma pauperis which will be addressed in a separate order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.     **Plaintiff's Claims**

Plaintiff claims that a filling was put in his mouth that was not needed, and that the filling has given him much pain and suffering. (Compl. at 3.) Plaintiff claims that the dentist that put the filling in his mouth "admitted mistake was made." (Id.) Plaintiff claims that due to the negligence of the dentist, he is no longer able to eat properly on the left side of his mouth. (Id.) Plaintiff seeks damages. (Id.)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. at 1059 (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, Plaintiff alleges that the dentist admitted that he had made a "mistake," which does not indicate that the dentist knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk when he applied the unnecessary filling.

2

Furthermore, Plaintiff specifically characterizes the dentist's actions as "negligence." (Compl. at 3.) However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Accordingly, Plaintiff's negligence claim against the SVSP dentist must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

**Dated:** 7/9/2019

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.19\00963Williams_dism(ftsac)

3